IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNETTE R. SALYARDS ON BEHALF )
OF EMMA IRENE PITTINGER )
 )
    Plaintiff, )
 )
    vs. )   Civil Action No. 11-151
 )
MICHAEL J. ASTRUE, COMMISSIONER )
OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

# OPINION
### and
# ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 23). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 24). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 15) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 23).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying an application for supplemental security income on behalf of the Claimant, a child under age 18, pursuant to the Social Security Act ("Act"). Plaintiff filed an application alleging that since March 21, 2008, the Claimant had been disabled. (ECF No. 6-5, p. 2). Administrative Law Judge ("ALJ"), Brian Kilbane, held a hearing on June 1, 2010. (ECF No. 6-2, pp. 26-35). On July 2, 2010, ALJ Kilbane found that the Claimant was not disabled under the Social Security Act. (ECF No. 6-2, pp. 9-21). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 15 and 23). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD AND SCOPE OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of

criteria for an impairment listed in 20 C.F.R. § 416.924(d). 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that although the claimant has not engaged in substantial gainful activity and has severe impairments,[3] but he determined that she did not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d). (ECF No. 6-2, pp. 12- 21). As a result, the ALJ found that the claimant was not disabled under the Act.

---

[1]A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[2]An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

[3]The ALJ found the claimant's severe impairments to include: "Turners syndrome, a bicuspid aortic valve and chronic serous otitis media, status post bilateral myringotomy and tympanostomy tubes." (ECF No. 6-2, p. 12).

**B.      DISCUSSION**

On appeal, the Plaintiff challenges the ALJ's decision at step three of the analysis. She contends that the ALJ erred in determining that the claimant did not meet a listing. She also contends that the ALJ erred in his conclusion that the claimant did not have "marked" limitations in the six domains. (ECF No. 24). I will discuss each seriatim as raised by the Plaintiff.

   **1.      Whether the ALJ erred in concluding that the claimant did not meet the listing at §109.13**

The Plaintiff argues that the ALJ erred in concluding that the claimant did not meet the listing at §109.13. (ECF No. 23, pp. 5-8). Specifically, the Plaintiff argues that the claimant is delayed by 25% in both communication and social emotional areas of development (ECF No. 6-11, p. 13) and that the ALJ did not cite any contrary medical evidence. As a result, the Plaintiff argues that there is substantial evidence that the claimant meets or approximates the listing. (ECF No. 6-23, pp. 7-8). After a review of the evidence, I disagree.

To begin with, the standard of review is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding, as the Plaintiff recognizes in her topic heading. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). The ALJ followed the directives of the law by evaluating claimant under the listing for the impairments resulting from the syndrome. 20 C.F.R. Part 404 Subpart P Appx 1 (Listings), Part B §109.13. In this case, the ALJ evaluated claimant under §§104 (cardiovascular system) and 112.12 (mental disorders). (ECF No. 6-2). In her brief, the Plaintiff's assertion of error focuses on §112.12. Upon review of the record, I find there is substantial evidence of record to support the ALJ's decision that the claimant did not meet the listing. *See,* ECF No. 6-10, p. 56, ECF No. 6-6, pp. 26-27, 79; ECF No. 6-11 pp. 40-60; ECF No. 6-10, pp. 58-59. Accordingly, I find no error in this regard.

**2-3, 5. Whether the ALJ erred in his conclusion that the claimant has no limitation in the domains of acquiring and using information, attending and completing tasks, and moving about and manipulating objects**

The Plaintiff sets forth topic headings for each of the aforementioned alleged errors but does not provide any argument with regard to the same. (ECF No. 23, pp. 8-9, 11). In the absence of any substantive or meaningful analysis of the same, I find this assertion to be undeveloped and wholly inadequate. *See, Pennsylvania v. U.S. Dept. of Health & Human Serv.,* 101 F.3d 939, 945 (3d Cir. 1996)(stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court). Consequently, I will not address the theories set forth in these topic headings.

**4. Whether the ALJ erred in his conclusion that the claimant has no limitation in the domain of interacting and relating with others**

The Plaintiff argues that "there is substantial evidence that the claimant suffers from marked limitations" in the domain of interacting and relating with others. (ECF No. 23, p. 9). She concludes with the sentence: "It is the claimant's position that the evidence establishes more than a slight abnormality and the impairments have more than a minimal effect on the claimant." (ECF No. 23, p. 10). The standard, however, is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding, as the Plaintiff recognizes in her topic heading. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Yet, the claimant does not address any errors. Consequently, I find that the theory set forth in the topic heading to be undeveloped and inadequate. Therefore, I find no reason to address the theory set forth in this heading.[4]

---

[4] Regardless, based on a review of the record, I find there is substantial evidence of record to support the position of the ALJ. *See,* ECF No. 6-6, pp. 22-27, 67-76, 77-79; ECF No. 6-10, pp. 53-57.

6. **Whether the ALJ erred in his conclusion that the claimant has no limitation in the domain of the ability to care for herself**

The Plaintiff sets forth the aforementioned topic heading. (ECF No. 23, p. 11). Thereunder, the claimant states: "These delays admittedly do not rise to the level of marked." *Id.* Again, an impairment functionally equals a listed impairment if the child has "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926(a). Based on the claimant's admission, I find no reason to address the theory set forth in this heading.

7. **Whether the ALJ erred in determining that the claimant had less than marked impairment in the domain of health and physical well being**

Under this heading, the Plaintiff simply lists the claimant's diagnoses and then merely concludes in a four sentence paragraph that "the record substantiates a finding of a 'Marked Limitation' in this domain."[5] (ECF No. 23, p. 11). Whether the record substantiates a different finding in favor of the claimant, however, is not the standard. The standard is whether there is substantial evidence to support the ALJ's finding, as the Plaintiff recognizes in her topic heading. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Yet, the Plaintiff does not address any errors. Consequently, I find that the theory set forth in the topic heading to be undeveloped and inadequate. Therefore, I find no reason to address the theory set forth in this heading.

An appropriate order shall follow.

---

[5] I note that the mere existence of a diagnosis does not mean there is a limitation, let alone a "marked" or "extreme" limitation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE R. SALYARDS ON BEHALF OF EMMA IRENE PITTINGER,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　Defendant. | Civil Action No. 11-151 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 3rd day of January, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 23) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　United States Senior District Judge